UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :
                                 : NO. 4:18-CR- 083
VS.                              :
                                 : Chief Judge Brann
DAVID TAYLOR

**DEFENDANT'S SENTENCING BRIEF AND REQUEST FOR VARIANCE**

**BACKGROUND**

On November 8, 2022, pursuant to a plea agreement, Defendant entered a plea of guilty to Count 1 of the indictment: Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e). Pending are Defendant's objections to Paragraphs 5, 6, 11, 21, 26, 33, 35,36, 38, 40, 48, 49, 66, and 69 of the Presentence Report (PSR). Sentencing is scheduled for July 11, 2023.

**18 U.S.C. SECTION 3553 FACTORS**

**Nature and Circumstances of the offense**

On July 18, 2017, a New Jersey Parole Officer went to Defendant's apartment in Blackwood, New Jersey. After he entered and started talking to Defendant, the officer noticed that a female was present in Defendant's bed. The female claimed to be 20 years

of age but turned out later to be 14 years old. Defendant and the minor met online via "Meetme", a dating application both accessed via their cell phones. They communicated with each other over the course of a few weeks via Kik messaging, text messaging, phone calls and video chats. The minor sent naked pictures of herself via Snapchat to Defendant in early July of 2017. That same month, the minor performed oral sex on the Defendant in Pennsylvania. This act was recorded by Defendant on his cell phone. On July 17, 2017, Defendant and the minor spent the night at Defendant's brother's home in Pennsylvania. On the following day the Defendant drove the minor to his apartment in New Jersey. The minor told police that each instance of sexual conduct was consensual and that Defendant was nice to her. A search of Defendant's phone revealed a video of the minor performing oral sex along with 14 screenshot images of the video. Forensic analysis indicated the video was created on July 15, 2017 in Northumberland County, PA.

## **History and Characteristics of the Defendant**

Defendant is a 34-year old single man with no children.  He is a high school graduate and has not been employed since July 18, 2017, the date of his arrest.

Defendant is the product of an extremely difficult childhood and upbringing. His mother was an alcoholic and drug addict. She suffered from extreme mental illness including self-mutilation.  When Defendant was 10 years old, his mother suffered a series of strokes which rendered her paralyzed and cognitively impaired.  As a result, she was

committed to a nursing home. As a result, Defendant's brother, Charles Taylor, was removed from the home by Child Protective Services due to behavioral concerns.

Defendant has suffered from mental illness since youth. He has been diagnosed with anxiety and depression. His brother, Joshua Taylor, attributes Defendant's "sadness" to their difficult childhood.

Despite Defendant's criminal history, his sister-in-law, Courtney Taylor, trusted him around her children and noted he was always good to them. Defendant's family remains supportive of him.

Defendant started out in life with a cleft palate which was surgically corrected in infancy. Since then, he has suffered other considerable medical difficulties including a pelvic bone fusion in 2016. In addition, Defendant currently suffers from a bilateral recurrent inguinal hernia as well as a cholesteatoma of his right ear and is awaiting surgery, which is required to prevent permanent hearing loss and meningitis.

## The Objections to the Presentence Report

The objections to Paragraphs 5, 6, 11, 33, 35, 36, 48, 49 and 55 were only lodged to inform the Court and will not affect the guidelines. Accordingly, they will not be addressed in this brief.

**PARAGRAPH 21:** Defendant objects to this 2-level increase as the Defendant's phone is not a "computer" within the meaning of 18 U.S.C. § 1030(e)(1). The

undersigned is cognizant that the United States Court of Appeals for the Third Circuit has held that a cell phone is "computer hardware" for purposes of satisfying the parameters of a search warrant that did not specifically call for the search of a cell phone. See **United States v. Horton,** 638 Fed. Appx. 126 (3rd Cir. 2016). However, the issue here is whether Defendant's cell phone qualifies as a computer under 18 U.S.C. § 1030(e)(1). No such proof has been offered by the Government. In addition, if the Sentencing Commission had intended a 2-level increase for the use of a cell phone under U.S.S.G. §2G2.1(b)(6), surely it would have said so because cell phones existed on November 1, 2016.

Accordingly, the Defendant's advisory guideline range is 292-365 months based upon an offense level of 38 and a CHC of III.

**PARAGRAPHS 26, 38 and 40:** The undersigned withdraws his objections to these paragraphs.

**The Sentence**

The Government seeks a sentence of 30 years. In **United States v. Irey**, 612 F. 3d 1160 (11th Cir. 2010), the Defendant sodomized and sexually tortured more then 50 girls, some as young as 4 years old. He also produced and distributed child pornography. His advisory guideline range was 30 years, the maximum. The district court deviated downward and imposed a sentence of 17 ½ years. The Government appealed and the United States Court of Appeals for the 11th Circuit reversed and imposed a sentence of 30

years.

While the Defendant in the instant case certainly deserves a lengthy sentence, he should not be placed in the same boat as the monstrous William Irey. Defendant herein did not use force and believed the victim to be 20 years old. The victim admitted all sex was consensual and even told the police she was 20 years old.

While it is clear that mistake of age is not a defense to 18 U.S.C. § 2251 offenses, **United States v. Henry,** 827 F. 3d 16, (1st Cir. 2016), courts have ruled that mistake of age and consent of the minor victim can be mitigating factors at sentencing. See **State v. Brooks**, 739 So. 2d 1223 ( Fl Ct. Of Appeals 1999); **United States v. Strode**, 39 M.J. 508 (1993); **People v. Ruiz**, 161 A.D. 3d 664 (S.C. N.Y 2018); **State v. Rife**, 789 So. 2d 288 (FL Sup Ct 2001); **Shuler v. State,** 947 So. 2d 1259 (FL Ct of Appeals 2007); **Knox v. State,** 814 So. 2d 1185 ( FL Ct of Appeals 2002).

In this case, the minor victim contributed significantly to the offense behavior by misrepresenting her age to be 20 years old and by consenting to the sex. As such, a sentence reduction or variance may be warranted under U.S.S.G.§5K2.10 as well as 5K2.0(b)(2).

### The Need to Avoid Unwarranted Sentence Disparities

A sentence of 15 years would not result in an unwarranted sentence disparity among defendants with similar records, and under similar circumstances, who have been found guilty of similar conduct.

**Restitution**

Restitution is not at issue. (See Paragraph 83 of PSR).

## CONCLUSION

For the aforesaid reasons, Defendant requests the Court to sentence him to a period of incarceration of 15 years, the mandatory minimum.  The Defendant further requests that no fine be imposed. (See Paragraph 69 of the PSR). Defendant should receive credit from July 17, 2018, the date he was paroled to the federal detainer. (See Paragraph 36 of the PSR).

                                         Respectfully submitted,

                                         G. Scott Gardner /s/
                                         G. Scott Gardner
                                         Attorney for Defendant
                                         PA. I.D. #36507
                                         1000 Commerce Park Drive
                                         Suite 310-B, Williamsport, PA 17701
                                         (570) 971-0090

July 5, 2023